UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL ROBERT AXON,
    Plaintiff,

v.                                  Case No. 3:17cv604 (WWE)

BERRYHILL, Acting Commissioner
Social Security,
    Defendant.

**MEMORANDUM OF DECISION ON THE MOTION FOR ORDER REVERSING COMMISSIONER'S DECISION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Michael Robert Axon challenges the denial of his application for Social Security disability benefits and requests reversal of the Commissioner's decision pursuant to sentence four or six of 42 U.S.C § 405(g). Defendant has filed a motion for judgment on the pleadings. For the following reasons, the Court will deny the motion to reverse the Commissioner's decision and will grant the motion for judgment on the pleadings.

**BACKGROUND**

The parties have filed statements of facts that detail plaintiff's medical history. Defendant has stipulated to the facts contained within plaintiff's brief with the exception of any arguments contained within plaintiff's statement of facts. The Court incorporates herein such stipulated facts relative to plaintiff's medical history.

Plaintiff was born in 1983, graduated from college, and worked as an editor for educational book publishers. He alleges that he became disabled at the age of 29 years, and he filed a claim for disability insurance benefits on September 13, 2013,

1

alleging disability as of November 5, 2012, based on cognitive impairments, profuse sweating, hand and wrist pain, and dizziness. He filed an application for supplemental security income on September 30, 2013. In a decision dated August 28, 2015, the Administrative Law Judge found that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff requested Appeals Council review. On February 24, 2017, the Appeals Council denied plaintiff's request for review.

## DISCUSSION

In reviewing a final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c), the district court performs an appellate function. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981); Igonia v. Califano, 568 F.2d 1383, 1387 (D.C. Cir. 1977). A reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). See also Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)("As a general matter, when we review a decision denying benefits under the Act, we must regard the [Commissioner's] factual determinations as conclusive unless they are unsupported by substantial evidence"). "Substantial evidence" is less than a preponderance, but "more than a scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938); see Yancey v. Apfel, 145 F.3d 106, 110 (2d Cir. 1998); Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). In so doing, the Court must "review the record as a whole." New York v. Sec'y of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990).

The ALJ need not "reconcile every conflicting shred of medical testimony." Miles v. Harris, 645 F.2d 122, 124 (2d Cir.1981).

The regulations promulgated by the Commissioner establish a five-step analysis for evaluating disability claims. Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner considers if the claimant is, at present, working in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). If not, the Commissioner next considers if the claimant has a medically severe impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the severity requirement is met, the third inquiry is whether the impairment is listed in Appendix 1 of the regulations or is equal to a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii); Pt. 404, Subpt. P. App. 1. If so, the disability is granted. If not, the fourth inquiry is to determine whether, despite the severe impairment, the claimant's residual functional capacity allows him or her to perform any past work. 20 C.F.R. § 416.920(a)(4)(iv). If a claimant demonstrates that no past work can be performed, it then becomes incumbent upon the Commissioner to come forward with evidence that substantial gainful alternative employment exists which the claimant has the residual functional capacity to perform. 20 C.F.R. § 416.920(a)(4)(v). If the Commissioner fails to come forward with such evidence, the

3

claimant is entitled to disability benefits. Alston, 904 F.2d at 126.

When the reviewing court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision," it may remand for the sole purpose of calculating benefits. Butts v. Barnhart, 399 F.3d 277, 385–86 (2d Cir. 2004). However, the reviewing court may remand the matter to allow the ALJ to further develop the record, make more specific findings, or clarify his or her rationale. See Grace v. Astrue, 2013 WL 4010271, at *14 (S.D.N.Y.); see also Butts, 399 F.3d at 385–86.

Plaintiff challenges the denial on the grounds that the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence. Plaintiff maintains that defendant should have sought a medical source statement from one of plaintiff's treating providers. Plaintiff also asserts that the ALJ erred by relying upon Dr. Sach's vocational expert testimony.

RFC

Where the administrative record is incomplete or the ALJ has applied improper legal standards, a remand to the Commissioner for further consideration is appropriate. Baldwin v. Astrue, 2009 WL 4931363, at *28 (S.D.N.Y. Dec. 21, 2009). In assessing residual functional capacity, the ALJ must review all of the medical and other evidence of record to determine what the claimant can do in spite of his limitations. 20 C.F.R. § 404.1545, 416.945. In evaluating the evidence, the ALJ must resolve evidentiary conflicts. Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

Here, the ALJ found that plaintiff had a severe impairment of post-finasteride

syndrome with associated neurocognitive disorder but that he could perform a range of light work consisting of simple, routine tasks that did not require interaction with the public beyond the hand-off of products of materials.   See 20 C.F.R. § 404.1567(b); 416.967(b); SSR 83-10.

As plaintiff points out, the ALJ was not provided with and did not request any medical source statement.   The Social Security Administration rules provide that "[m]edical reports should include ... [a] statement about what you [i.e., the Claimant] can still do despite your impairment(s) ... Although we will request a medical source statement about what you can still do despite your impairment(s), the lack of the medical source statement will not make the report incomplete."   Tankisi v. Commissioner of Social Security, 521 F. App'x 29, 34 (2d Cir. 2013).

An ALJ is required to seek out additional evidence where there are "obvious gaps" in the administrative record.   However, the ALJ need not request a medical opinion from treating physicians where the record medical evidence, including treatment notes, supports the ALJ's RFC determination.   Monroe v. Colvin, 676 F. App'x 5, 8-9 (2d Cir. 2017).

The ALJ concluded that plaintiff's severe impairment prevented him from performing his prior work of editing, but that plaintiff still had the RFC to perform light work, provided that it did not require him to climb ladders, ropes or scaffolds and that it did not involve more than occasional kneeling crouching and crawling.   The ALJ based his determination of plaintiff's RFC upon treatment records and evaluations, including a neurological evaluation and neurological treatment notes, indicating that plaintiff had

5

only "mild" deficiency across measures of attention, working memory and executive functioning. He referred to the consultative psychological examination by Dr. Patrick Russolillo, a licensed psychologist, who found that plaintiff would not be limited in performing simple routine tasks; and to the state consulting opinions, indicating that plaintiff could carry out simple routine tasks and had the stress tolerance for a stable and predictable work environment, although he had moderate limitations in concentration.   He afforded great weight to the state consulting opinions regarding plaintiff's functionality because their opinions were consistent with the record medical evidence.

The ALJ noted that plaintiff complained about dizziness, sweating and cognitive issues but was still able to work as a freelance editor on a part-time basis.   The ALJ found that plaintiff's claims as to the intensity, persistence and limiting effects of his symptoms was not entirely credible in light of evidence within the medical and other record evidence.   The Court finds no error in the ALJ's assessment of plaintiff's testimony; the ALJ has discretion to weigh the credibility of testimony in light of other record evidence.   Genier v. Astrue, 606 F.3d 46, 47 (2d Cir. 2010).

Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record, and that the ALJ did not err by failing to procure a treating physician medical opinion and in his assessment of the evidence.

Vocational Expert

Plaintiff challenges the testimony of vocational expert Dr. Steven Sachs.   Sachs testified regarding the existence of jobs in the national economy that plaintiff could

perform.  Plaintiff complains that Sachs used occupational codes from the Dictionary of Occupational Titles rather than Standard Occupational Classification codes used by the Bureau of Labor Statistics.   He maintains that the Bureau of Labor Statistics reports data by the Standard Occupational Classification, which can contain a number of Dictionary of Occupational Titles codes.   Sachs relied upon job incidence information from U.S. Publishing, a private company that publishes information extrapolated from the Bureau of Labor Statistics.   Sachs testified that he worked for twenty years using the U.S. Publishing data and found that its numbers were "within a range" that would be anticipated for the relevant occupations.

Evidence from a vocational expert may be derived from the Dictionary of Occupation Titles and also from other reliable publications.   See 20 C.F.R. §§ 404.1566(d)-(e); 416.966(d)-(e); SSR 00-4p.   An ALJ may rely on vocational expert testimony where the expert identified the sources consulted to determine the incidence factors.   Galiotti v. Astrue, 266 F. App'x 66, 68 (2d Cir. 2008).   Courts have upheld decisions relying on vocational testimony similar to the instant case.   See Harper v. Berryhill, 2017 WL 3085806, at *15-16 (D. Conn. July 20, 2017).   The Court cannot find that the ALJ erred by relying on the Sachs' testimony.   Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence in the record.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to reverse the decision of the Commissioner [doc. 19] and GRANTS the Motion for Judgment on the Pleadings

[doc. 24]. The Court finds that the Commissioner's final decision applies the correct legal standards and is supported by substantial evidence.

The clerk is instructed to enter judgment in favor of defendant and to close this case.

                                                /s/Warren W. Eginton
                                                Warren W. Eginton
                                                Senior United States District Judge

Dated this 28th day of February 2018 at Bridgeport, Connecticut.